U.S. DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DIAMOND TRIUMPH AUTO GLASS INC.

         Plaintiff    :   JUDGE JAMES M. MUNLEY

v.

SAFELITE GROUP, INC., F/K/A
SAFELITE GLASS CORPORATION;
SAFELITE SOLUTIONS, L.L.C., F/K/A
SAFELITE GLASS CORPORATION,
AND SAFELITE FULFILLMENT, INC.,
F/K/A SAFELITE GLASS CORPORATION

         Defendant   :   NO. 3:02-CV-0514

## SPECIAL MASTER REPORT AND RECOMMENDATION
## NO. 40 (FORTY)

January 3, 2006, the defendants ("Safelite") submitted to me a written request for leave to serve a deposition subpoena on Diamond's former employee Lee Martin ("Martin") to schedule her deposition for a date mutually convenient to the witness and counsel. The written request and the six exhibits thereto are attached marked Exhibit 1. January 6, 2006, plaintiff ("Diamond"), in compliance with my request to it, submitted a written response in opposition to Safelite's request, affixed to which

was a declaration of Martin. Diamond's request and the declaration are attached marked Exhibit 2.

January 11, 2006, Safelite submitted a written response to Diamond's written opposition of January 6, 2006, and five exhibits, numbers 1 and 3 designated Restricted Confidential. A copy of the written response, minus Exhibits 1 and 3, is attached marked Exhibit 3. The original of the response and exhibits are submitted herewith under seal. January 16, 2006, Diamond submitted a written response to Safelite's response of January 11, 2005, asserting that the response by Safelite constituted a complete departure from the basis expressed in Safelite's original written request. Affixed to Diamond's response is a declaration of Michael A. Hellwich and three exhibits marked Tabs 1 through 3. Tabs 1 and 2 are designated Restricted Confidential. Therefore, a copy of Diamond's final response and the declaration minus tabs 1 and 2 are attached marked Exhibit 4. The original of the response, with attachments, is submitted herewith under seal.

Oral argument of Safelite's request was held by telephone conference January 17, 2006. Attorney Donald Lund participated for Safelite and Attorney Michael Hellwich participated for Diamond. No evidentiary hearing was requested or held.

Safelite's request must be a motion for leave to take a discovery deposition of Martin out of time. Factual discovery terminated June 30, 2005. F.R.C.P 16(b) provides that a schedule set by the court "shall not be modified except upon a showing of good cause and by leave of a district judge or, when authorized by local rule, by a magistrate judge." I am not authorized to vary the discovery schedule. Safelite's motion is for the court's determination, but I informed the parties I would consider Safelite's request as a motion and submit my recommendation to the court.

FACTS

The following facts are not in dispute and are taken from the parties written submissions, exhibits and representations during oral argument. By correspondence of January 25, 2005, Safelite requested the deposition of Martin, among others. No written notice of deposition was ever filed or served. January 26, 2005, Diamond represented Martin was no longer employed by Diamond. January 28, 2005, Safelite requested Diamond provide current or last known address information for designated individuals including Martin. February 1, 2005, Diamond provided Safelite with an address in Archbald, Pennsylvania, for Martin which it represented was the last known contact information for her. No telephone number was provided.

Safelite was unable to contact Martin at the address provided. At no time did Safelite tell Diamond it was unable to contact Martin at that address. Further, at no time did Safelite ask Diamond for additional contact information either by written interrogatory or otherwise. Safelite has not submitted any information to establish its effort, if any, to locate Martin other than oral representation of its counsel of attempts to get a telephone number for the premises at the address provided by Diamond. No other form of investigation either by Safelite or on its behalf was conducted to locate Martin. In November 2005, Safelite was provided with correct contact information for Martin by an anonymous source. Attorney Donald Lund ("Lund") for Safelite spoke with Martin by telephone November 22, 2005. Martin agreed to speak with Lund during an interview to be conducted Thursday, December 1, 2005, in Trenton, New Jersey. Subsequently, Lund attempted to contact Martin to confirm the meeting time and location. Initially, she did not return his telephone calls. However, November 30, 2005, Martin called Lund. Thereafter, Lund was unsuccessful in attempting to speak again with Martin.

Martin did perform work for Diamond in connection with its gift card program. Some of Diamond's gift card documents have not been produced by Diamond. It represents that the documents are lost, misplaced or destroyed. Safelite has taken

discovery depositions of at least three Diamond employees with knowledge of Diamond's gift card program: Joyce Webster; Susan Stutz and Peter Casterline. Each denies knowledge of the missing gift card documents.

Martin now refuses to be interviewed by Safelite. She has not been employed by Diamond since approximately the middle of 2004. Safelite has not exhausted its discovery deposition limit of 60. No date has been scheduled for pre-trial conference or trial and several pre-trial motions are pending.

There are disputed facts, however. The parties do not agree as to all allegedly said by Martin during her second telephone conversation with Lund and they do not agree when she spoke to her attorney friend. Lund references the telephone conversation of November 30, 2005, at page 2 of Safelite's submission of January 3, 2002. He represents that, inter alia, Martin informed him that the Diamond representative claimed that Diamond wanted to meet with her to get information to "blame" her and that Martin indicated she wanted to talk with an unidentified lawyer friend before agreeing to a meeting. Other representations made by Lund as to what Martin said during that telephone conversation comport with the declaration of Martin as well as statements by Diamond's counsel in its submission of January 6, 2006. Martin, in her declaration of January 4, 2006, states in numbers 5 and 10:

5

5. "At the time (first call), I did not wish to speak with Mr. Lund, but felt I needed to agree until I could obtain legal advice;" (parenthesis added)

10. "I still do not desire to speak with Mr. Lund voluntarily and informed him of that during our conversation in late November 2005."

She makes no other reference, however, to the content of that telephone conversation with Lund. She does indicate that following the first telephone conversation with Lund she contacted a friend of hers who was an attorney and asked his advice; paragraph 6 of the declaration. She goes on to state that she then contacted Alicia Deeds at Diamond and then contacted Michael Hellwich, counsel for Diamond.

There are other representations Lund attributes to Martin. In my opinion, Lund's representations, those set forth in the declaration of Martin and those of Mr. Hellwich at page 2 of Diamond's response of January 6, 2006, are proper. As upsetting as it may be to counsel, a witness is under no obligation to speak with counsel. A witness may be subpoenaed for a deposition or attendance at trial. The time for discovery had closed. It should be noted also that Safelite does not represent that anyone told Martin she should not speak with Safelite; its counsel does represent Diamond tried to "dissuade her from consenting to an interview." [1]

---

[1] Exhibit 5 to Safelite's submission dated January 3, 2006.

## DISCUSSION

Safelite contends that Diamond interfered with Safelite's right to interview Martin and that there is a need for her deposition. It represents that good cause exists for taking the deposition beyond the discovery deadline and that its failure to take the deposition within the time prescribed was not due to bad faith or neglect. Diamond asserts it did not interfere with Safelite's right to attempt to interview Martin, her deposition would be a duplication of the testimony of at least three others already deposed and the delay in seeking her deposition is the result of Safelite's neglect. For the reasons that follow, it is my recommendation that Safelite's motion for leave to take the deposition of Martin out of time be denied.

Safelite cites the case of Aamco Transmissions, Inc. v. Mariano, No. 88-5522, 1991 U.S. Dist. Lexis 3335, (E.D. Pa. Mar. 19, 1991) in support of its position. It represents that there the court found good cause existed under Rule 16(b) to allow the plaintiffs to take a deposition after the close of discovery where there was no indication that the plaintiffs' failure to take the deposition within the time prescribed was due to bad faith or neglect and where there was no showing that permission to take the single deposition would prejudice the parties or delay the case. F.R.C.P.

16(b) permits the court to modify a pre-trial scheduling order upon a showing of good cause; Id.*3.

The court, in Aamco, concluded that plaintiff, who sought the deposition after the close of discovery, had a misunderstanding about the status of the witness which was reasonable and that there was no indication that plaintiffs' failure to depose that witness within the time prescribed was due to bad faith or neglect on its part. Defendant had not identified the witness as one to be called as a fact witness. Also, plaintiffs' attempt to depose the witness was frustrated by his absence from the country for at least a month just prior to the discovery deadline. In this case, however, Safelite was aware in January 2005 that Martin had relevant knowledge and at that time informed Diamond of its desire to take Martin's deposition. February 1, 2005, Diamond provided a last known address for her. Safelite, the party with the burden of proof, represents it tried to get a telephone number for Martin by use of the address provided and an alternate address but does not represent when that effort was made. It's counsel, however, acknowledges that no other effort to locate her was made until she was contacted by telephone in November 2005. In my opinion, that failure by Safelite accounts for the position it now finds itself in and, clearly, does not support a conclusion of good cause. Its failure to locate martin and notice her

8

deposition before June 30, 2005 can only be attributed to its neglect. Contrary to its representation, it did have ample opportunity during discovery to obtain Martin's testimony. Discovery did not close until June 30, 2005, five months after notice to Safelite of Martin's last known address. Safelite failed to institute any other investigation to locate Martin. It also failed to notify Diamond of its inability to locate Martin and to request Diamond's effort to obtain additional information as to her location.

Further, with one exception, the deposition of Martin is not necessary. She does have knowledge of Diamond's gift card program, but three Diamond employees with such knowledge have been deposed. Since each of them denies knowledge of the missing gift card document Martin's testimony on that issue could prove helpful. Nevertheless, it was Safelite who either elected to forego a deposition of Martin within the allotted discovery time or conduct an all out effort to locate her within that time.

Safelite's assertion of Diamond's alleged interference with Safelite's attempt to interview Martin is more serious, however.[2] It may well have justified an evidentiary hearing but none was requested. Also, Safelite did not submit any

---

[2] See International Business Machines Corp. v. Edelstein, 526 F.2d 37 (2d Cir. 1974) at 41-42 for discussion right to interview an adverse party's witnesses.

affidavits in support of its position. It relies solely on the recollection of counsel. Diamond submitted the declaration of Martin. In that declaration, she does not address Lund's assertion that she was told by a representative of Diamond that Safelite would seek to blame her. She does state, however that when first contacted by Lund, she did not wish to speak with him but felt she needed to agree until she could obtain legal advice. She maintains she then spoke with an attorney friend before again contacted by Lund. Lund, however, represents that it was during the second telephone conversation that Martin said she wanted to first contact an attorney friend.

It is Safelite's burden to establish the alleged interference. In my opinion, it has not done so. It must first establish Diamond said Safelite would blame her and that but for such a statement, she would have proceeded with an interview by Safelite. The alleged statement by the representative of Diamond is, in my opinion, inadmissible hearsay offered, as it must be, against Diamond. Even if the statement were made, it is questionable based on the submissions that the statement was the reason for Martin's refusal to be interviewed. Safelite produces no sworn testimony in support of its position. Diamond, at least, has submitted a declaration made by Martin under penalty of perjury. Safelite does not appear to contest the assertion that

Martin was told before the second telephone conversation that she was under no obligation to speak with Lund. Unsworn statements of counsel are not evidence as oft cautioned in the court's charge to the jury. Without more from Safelite, I must conclude that it has failed to meet the burden of proof on the issue of alleged interference by Diamond and again, of course, but for Satellite's neglect or election, the attempted interview of Martin could have occurred within the discovery period.

There are two other areas addressed by the parties. Diamond cites F.R.C.P. 26(b)(2) in support of its opposition to Safelite's motion. Safelite correctly points out that Diamond's reference to that rule is misplaced. Rule 26(b)(2), by its terms, applies to requests to limit discovery and to when a party seeks to take more than ten depositions. Safelite has taken 57 of the 60 depositions permitted.

Safelite, in support of its position, also asserts that it just recently learned information that makes it appear that Diamond had access to other contact information but failed to provide it in the discovery period.[3] The information consists of the names of two past employees and a present employee who might have knowledge of Martin's whereabouts. However, Safelite again neglected. It neglected to tell Diamond of its inability to locate Martin with the last known address provided

---

[3] Page 3 of Safelite's submission of January 11, 2006.

for her and it neglected to request an effort by Diamond to provide additional contact information, if any; see <u>United States of America v. Brooks</u>, 1995 U.S. Dist. Lexis 8965 (D.C. Ore., June 9, 1995) where the court granted leave to the defendants to issue interrogatories to provide the last known addresses of former employees.

Although Safelite's request to locate Martin and take the deposition out of time would not prejudice the parties or delay trial of the case, in my opinion Safelite has intentionally, or through neglect, failed to take appropriate action to locate Martin and take her deposition within the discovery period allowed and, therefore, I recommend Safelite's motion be denied.

Respectfully submitted,

/s/Cody H. Brooks
Cody H. Brooks, Esquire
Special Master
I.D. #08304

January 27, 2006