U.S. DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIAMOND TRIUMPH AUTO GLASS INC. | : |
| Plaintiff | : JUDGE JAMES M. MUNLEY |
| v. | : |
| SAFELITE GROUP, INC., F/K/A SAFELITE GLASS CORPORATION; SAFELITE SOLUTIONS, L.L.C., F/K/A SAFELITE GLASS CORPORATION, AND SAFELITE FULFILLMENT, INC., F/K/A SAFELITE GLASS CORPORATION | : |
| Defendant | : NO. 3:02-CV-0514 |

## MEMORANDUM AND ORDER OF SPECIAL MASTER

The undersigned is the special master appointed by Judge James M. Munley in Court Order of October 14, 2003, to deal with all future discovery matters between the parties. December 22, 2003, Judge Munley issued an Order directing all parties to file all future discovery matters directly with the special master and not with the

Court.[1]  Special Master Report and Recommendation No. 9 (Nine) adopted by the Court with one exception, June 4, 2004, provides in paragraph 18 that the parties may submit matters to the special master via letter unless the issues are complex, in which case briefs may be submitted.

Plaintiff ("Diamond") submitted to me a letter request of February 17, 2006, seeking an order to compel defendants ("Safelite") to pay the balance of $13,739.00[2] allegedly owed by defendants to plaintiff's expert, Joseph Kenyon, for his alleged preparation time for a deposition of him taken by Safelite November 22, 2005.[3]

---

[1] By court order of May 5, 2006, all future motions must be submitted directly to the court.

[2] Safelite has paid $6,200.00 to Diamond. The original corrected amount was $19,939.00.

[3] Submitted with the request was declaration of Michael A. Hellwich, Esquire and six exhibits marked and identified as follows: Tab 1 - Copy of e-mail from John Iole dated October 10, 2006; Tab 2 - copy of correspondence of Michael A. Hellwich dated January 24, 2006; Tab 3 - copy of excerpts of the deposition of Joseph Kenyon taken November 22, 2005; Tab 4 - copy of Michael A. Hellwich's correspondence with attached invoice dated January 3, 2006 (invoice of Schechter Dokken Canter for services of Joseph Kenyon and staff personnel); Tab 5 - copy of Erik C. Naft's correspondence dated January 9, 2006; Tab 6 - copy of Erik C. Naft's correspondence dated February 13, 2006 and a declaration of Joseph D. Kenyon dated February 16, 2006.

Safelite submitted a written opposition to Diamond's request February 27, 2006.[4] Diamond submitted a letter reply in support of its motion March 14, 2006.[5]

During the course of oral argument conducted by telephone conference March 17, 2006, Diamond's counsel requested a hearing for the purpose of presenting testimony in support of its request. Pursuant to agreement of the parties, the hearing was held by telephone conference June 26, 2006. The only person to testify was Joseph Kenyon, called on behalf of Diamond.

Diamond's request is now ripe for determination. In doing so, I have considered the written submissions of the parties, including the documents referenced in footnotes 3, 4, and 5, the testimony of Joseph Kenyon and the oral arguments. For the reasons that follow, Diamond's request for payment of the full amount of the balance will be denied. However, Safelite will be directed to pay a portion of that balance.

---

[4]Submitted with the opposition was affidavit of Erik C. Naft, Esquire and five exhibits identified as follows: Exhibit 1 - copy of all unreported cases cited in Safelite's opposition letter; Exhibit 2 - copy of an e-mail exchange between John E. Iole, Esquire and Michael A. Hellwich, Esquire from October 10, 2005; Exhibit 3 - copy of excerpts from the deposition of Joseph Kenyon; Exhibit 4 - copy of invoice submitted by Diamond to Safelite for reimbursement of Mr. Kenyon's deposition preparation costs; Exhibit 5 - copy of rebuttal report of Phillip Beutel as it was served in this case.

[5]Submitted with the reply was declaration of Michael A. Hellwich, Esquire and one exhibit marked and identified Tab 1 - copy of excerpts of the deposition of Joseph D. Kenyon taken November 22, 2005.

DISCUSSION:

The discovery deposition of Diamond's expert Joseph Kenyon was taken by Safelite by agreement of the parties November 22, 2005. The parties agree that at Safelite's request Mr. Kenyon was to be prepared to address any comments he may have on the 44 page rebuttal report of Safelite's expert, Phillip Beutel, dated September 30, 2005. Safelite does not quarrel with Mr. Kenyon's hourly rate of $310.00.

The parties disagreement is twofold. Diamond maintains Safelite agreed to pay for the preparation time for Kenyon's deposition about his own report and the rebuttal report of Beutel without reservation or limitation and regardless, that the time spent was reasonable. Safelite asserts that its agreement was to pay a reasonable fee and that the time purportedly spent by Kenyon and his staff was not reasonable. Safelite's counsel, Mr. Iole, in his letter of October 10, 2005, states: "Safelite will pay Kahn (and Kenyon) a reasonable fee for time spent in responding to the discovery we seek."

I find the purported agreement incomplete, lacking in specificity and ambiguous. A meeting of the minds is questionable at best. Diamond speaks of time. Safelite does not address amount of time or by whom but, rather, the payment of a

reasonable fee for time spent. Neither party addresses hours or fees of Mr. Kenyon's employees or staff.

In my opinion, a reasonable fee involves both reasonable hourly rates and reasonable expenditure of time. In this case, reasonable fee also involves the question of whose time and whose rate, for Kenyon's charge includes time and rates of staff. Safelite agrees to Kenyon's hourly rate; it contends, however, that charges for Kenyon's staff are not collectible, citing the case of <u>Mark Andrew of Palm Beaches, et al. v. GMAC Commercial Mortgage Corporation</u>, 2003 U.S. Dist. Lexis 13217, July 29, 2003. There, however, the court found the expert offered no information to demonstrate that hourly rates for other persons were common in the particular field in which the expert exercised his expertise. In this case, Mr. Kenyon testified at the hearing that the use of others at his firm was common and accepted practice in the field of his expertise. Nevertheless, I find it unnecessary to rely on the <u>Mark</u> case for a denial of Diamond's request that the charges attributable to Mr. Kenyon's staff are proper items for payment by Safelite.

The charges for staff time are denied primarily because the testimony of Mr. Kenyon establishes that much of the staff work, if not all, pertains to aspects of the Beutel rebuttal report which resulted in revisions by the staff and Mr. Kenyon to

analysis and damage computations made in Mr. Kenyon's initial report to Diamond. Those revisions are primarily beneficial to Diamond and/or are work that should have been initially done by or for Diamond. Further, Mr. Kenyon acknowledged at the evidentiary hearing that he is not able to break down and distinguish the time of his staff for changes occasioned by the Beutel rebuttal report and other activity.

It is Diamond's burden of proof to establish the reasonableness of the fees to which it seeks Safelite's payment; New York v. Solvent Chem. Co., 210 F.R.D. 462 (W.D.N.Y. 2002). Diamond has not met that burden as it relates to Mr. Kenyon's staff's time. Therefore, Safelite shall only pay an additional $7,517.50.[6]

Safelite has other contentions as well in support of its position that only 20 hours of time for deposition preparation and attendance is reasonable.[7] However, in my opinion, none of them warrants further reduction in the amount sought by

---

[6]The charges for staff not allowed total $6,221.50 and are comprised of the following entries and amounts appearing on tab 4, Schechter Dokken Canter Invoice No. 00135062: 11-15-02 DKIWU meet with M. Combs and J. Kenyon to discuss Beutel report 2.2 hrs. $484.00; 11-15-05 MCOMB analyze and summarize documents 4.20 hrs. $441.00; 11-16-05 LREBE analyze expert's report 4.50 hrs. $585.00; 11-16-05 MCOMB analyze and summarize reports 6 hrs. $630.00; 11-16-05 DKIWU discuss with LREBE analyze data 1.5 hrs. $330.00; 11-17-05 LREBE analyze expert's report 5 hrs. $650.00; 11-18-05 MCOMB summarize documents; telephone conference with J. Kenyon, B. Cogswell and M. Hellwich 4.80 hrs. $504.00; 11-17-05 MCOMB review and analyze documents 7.50 hrs. $787.50; 11-18-05 LREBE analyze data 5 hrs. $650.00; 11-19-05 MCOMB analyze and summarize report 3 hrs. $315.00; 11-21-05 LREBE analyze data for deposition preparation 4 hrs. $520.00; 11-22-05 MCOMB assist J. Kenyon with deposition preparation 1 hr. $105.00; 11-22-05 DKIWU discuss with M. Combs and J. Kenyon 1 hr. $220.00.

[7]Safelite's payment to Diamond of $6,200.00 is based on 20 hours at Mr. Kenyon's hourly rate of $310.00.

6

Diamond. F.R.C.P. 26(b)(4)(C)(i) provides, in part, that "the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision. As indicated above, reasonable fee involves both rate and time. Total disputed time of Kenyon's invoice is 93.95 hours. The time of staff, which I have eliminated, amounts to 49.7 hours, leaving a balance of time of 44.25 hours. I find that amount of time reasonable. This case is involved, Beutel's rebuttal report lengthy, and Safelite specifically requested that Mr. Kenyon be prepared to comment on that report.

Safelite correctly points out that Diamond cites no cases in which courts determined that any amount of time approaching 93.95 hours is reasonable for a one day deposition. Safelite cites a number of cases. In none of them did the court award a reasonable expert fee for hours in excess of 20. However, in each case it appears the expert was called to testify in regard to his or her own report only and not that of the other party. Further, no case appears to involve the complex issues and extensive damages asserted in this case. Here, as Diamond points out and Safelite agrees, Diamond's expert was to review the rebuttal report of Safelite's expert and be prepared to address any comments about it.

Safelite also contends that Mr. Kenyon was poorly prepared at deposition, and acknowledged at that deposition that he spent 2 to 4 to 6 hours reviewing Beutel's

rebuttal report and never prepared any kind of written set of comments or notes on it and, therefore, the time claimed for preparation could not have been incurred. A review of the excerpts of his discovery deposition leads me to conclude that he appeared knowledgeable about omissions and mistakes in his own report addressed in Beutel's rebuttal report. More importantly, however, Mr. Kenyon is an expert witness on the issue of damages, not on the issues of liability. Safelite attempted to have Mr. Kenyon discuss liability issues as well as damage issues. He refused to do so and it appears Safelite therefore concluded he was not prepared. The opposite conclusion is at least equally feasible. Mr. Kenyon's refusal demonstrates preparation to differentiate what others might conclude are mixed questions of liability and damages and to avoid being drawn into that quagmire by Safelite.

Finally, preparation time, is not limited to review of the rebuttal report and written comments about the report are not required. Mr. Kenyon's deposition testimony demonstrates his review, knowledge and consideration of the work of his staff in its review of the rebuttal report. That review by Mr. Kenyon was necessary to comment on the rebuttal report as requested by Safelite. The initial work of Mr. Kenyon in preparation of his report and the work of the staff generated by Beutel's rebuttal report are similar in that such work is of primary benefit to Diamond. The review of both reports and the information addressed in them by the expert in

preparation for a discovery deposition, is far different and warrants the payment of a reasonable fee by the party taking the expert's deposition.

In conclusion, Diamond correctly cites Nelson v. Calvin, No. 01-2021-CM, 2002 U.S.Dist. Lexis 9524, *3(D. Kin. 2002) for the proposition that it is not appropriate for a court to second guess the amount of time it takes an expert to prepare for a deposition. The burden of proof to establish the reasonableness of the fee charged by the expert is with Diamond, however. Diamond has met that burden of proof only in part and, therefore, for that reason and the foregoing reasons, the following order is entered:

## ORDER

AND NOW, this 14th day of July, 2006, plaintiff's request that Defendants be ordered to pay the balance of $13,739.00 owed to its expert, Joseph Kenyon, is denied and the Defendants are directed to pay to plaintiff's expert, Joseph Kenyon, the additional sum of $7,517.50.

/s/Cody H. Brooks
Cody H. Brooks, Esquire
Special Master
I.D. #08304